FILED
CLERK, U.S. DISTRICT COURT

FEB 13 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. ALVES,<br><br>            Petitioner,<br><br>   vs.<br><br>M. EVANS, WARDEN,<br><br>            Respondent. | CASE NO. CV 07-03429 SVW (RZ)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Petitioner has not filed any written objections to the Report. The Court accepts the findings and recommendations of the Magistrate Judge.

DATED: 2/11/08

/s/ Stephen V. Wilson
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

FILED
CLERK, U.S. DISTRICT COURT
DEC 21 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. ALVES,<br><br>        Petitioner,<br><br>vs.<br><br>M. EVANS, Warden,<br><br>        Respondent. | CASE NO. CV 07-03429 SVW (RZ)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

      The undersigned agrees with Respondent's assertion, in his pending Motion To Vacate Order Requiring Response To Petition, that this habeas petition is successive and lacks the required Court of Appeals authorization for such a petition. As a result, this Court lacks jurisdiction to entertain it. The undersigned recommends that the Court (1) grant Respondent's motion and (2) dismiss the action for want of jurisdiction.

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

///

///

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> . . .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *see also Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The district court therefore must either dismiss a successive petition for lack of jurisdiction or transfer the action, in the interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt*, 129 F.3d at 57.

In the Petition before the Court, Petitioner Robert M. Alves attacks his 1997 murder conviction. But he already has litigated an unsuccessful habeas challenge of that conviction in this Court, which entered Judgment dismissing that action with prejudice on October 10, 2001. *Alves v. Castro*, No. CV 00-0728 SVW (RZ). Petitioner has not obtained Ninth Circuit authorization, as is required before he properly may file another habeas petition in this Court. No factors appear which make it preferable to transfer this case to the Court of Appeals, rather than dismissing it.

Therefore, IT IS RECOMMENDED that the Court (1) accept this Report and adopt it as its findings and conclusions; (2) grant Respondent's motion to vacate; and (3) enter Judgment dismissing the action for lack of jurisdiction.

DATED: 12/20/07

(RALPH ZAREFSKY)
UNITED STATES MAGISTRATE JUDGE